## BASS v. HANSON.

1. VERDICT.  Where the verdict is informal the court may direct the jury to again retire, and also instruct them as to the form in which the verdict should be returned.
2. SAME.  Where a sealed paper containing the verdict of a jury was given to the foreman to be delivered to the clerk, in accordance with the instruction of the court, and it accidentally became unsealed when in the possession of the foreman, *held*, that the verdict was not thereby vitiated.

*Appeal from Boone District Court.*

THURSDAY, NOVEMBER 3.

REPLEVIN for a colt, trial and verdict for plaintiff, and defendant appealed.   From the bill of exceptions it appears that the cause being submitted to the jury late in the evening, the parties agreed in open court, that if the jury agreed upon a verdict before the opening of the court on the next morning, they might seal it and deliver it to the clerk. Having agreed, they separated, as was consented to by the parties, and at the opening of the court the foreman handed the verdict to the clerk.   It was then unsealed, but the foreman stated that, at the time of the separation of the jury, it was sealed, and became unsealed by accident while in his possession.

The verdict, as delivered, was that " the jury found for the plaintiff the sum of ten cents."   The court called the jury and directed them to retire to their room, and if they found for the plaintiff, to return that they found that he had the

Bass v. Hanson.

right of property, and assess his damages at ten cents; and if they found for the defendant to find for him the value of the property. The jury returned a verdict for the plaintiff.

Upon these facts the defendant moved for a new trial, which was not sustained and he appeals, and assigns these proceedings as error.

*John A. Hull* for the appellant, cited sections 1780, 1781, 1785, Code of 1851.

*C. C. Cole* and *Cornelius Beal* for the appellee, relied upon sections 1784, 1785, 1790, Code of 1851; *Gordon et al.* v. *Higley*, 1 Mor. 13; *Wright* v. *Phillips* 2. G. Greene 191; *Harrell* v. *Stringfield*, Mor. 18; *Phillips* v. *Runnels*, Ib. 391; *Cane* v. *Watson*, Ib 52; *Wise* v. *Hine*, 1 G. Greene 62; *Herring* v. *The State of Iowa*, 1 Iowa 205; *Mac Gregor Lawes & Blakemore* v. *Armill*, 2 Ib 30; *Tifield* v. *Adams*, 3 Ib 487; *Cook & Owsley* v. *Walters*, 4 Ib 72.

WOODWARD, J.—That the paper containing the verdict became unsealed by accident, while in the foreman's possession, ought not to vitiate it, and its delivery to the clerk was not absolutely essential. This direction is upon the implied condition that they agree within usual hours. If they agree at midnight, it is not their duty to find the clerk at such an unreasonable hour.

The verdict was merely informal, and there was no error in sending them out with direction how to put it into form. As to the direction of the court, that if they found for the plaintiff they should find the right of property in him, and the suggestion that he might be entitled to the possession only—if the issue was upon the right of possession and not of property, the defendant might have shown it in the bill of exceptions, and until this is done the direction of the court will be presumed correct.

We do not think there was error in the action of the court. See the cases cited in the plaintiff's brief.

Judgment affirmed.